**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| THOMAS E. MORRISON, | DOCKET NUMBER |
| Appellant, | AT-0752-19-0785-X-1 |
| v. | |
| UNITED STATES POSTAL SERVICE, | DATE: May 19, 2023 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Thomas E. Morrison</u>, Tampa, Florida, pro se.

<u>Jason L. Hardy</u>, Clearwater, Florida, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

**FINAL ORDER**

¶1      In a July 31, 2020 compliance initial decision, the administrative judge found the agency in partial noncompliance with the Board's final decision in the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

underlying appeal. *Morrison v. U.S. Postal Service*, MSPB Docket No. AT-0752-19-0785-C-1, Compliance File (CF), Tab 6, Compliance Initial Decision (CID); *Morrison v. U.S. Postal Service*, MSPB Docket No. AT-0752-19-0785-I-1, Initial Appeal File (IAF), Tab 39, Initial Decision (ID). For the reasons discussed below, we now find the agency in compliance and DISMISS the appellant's petition for enforcement.

### DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE

¶2 In a January 8, 2020 initial decision, the administrative judge found that the agency improperly suspended the appellant by placing him in an enforced leave status and discriminated against him on the basis of a disability when it failed to provide him a reasonable accommodation. ID at 2-9. Accordingly, the administrative judge ordered the agency to cancel the appellant's suspension, retroactively restore him effective August 13, 2019,[3] and provide him the appropriate amount of back pay with interest and benefits. ID at 9; IAF, Tab 41. The initial decision became the final decision of the Board on February 12, 2020, after neither party petitioned for administrative review. ID at 11.

¶3 On April 10, 2020, the appellant petitioned for enforcement, alleging that the agency had failed to comply with the Board's final decision. In the July 31, 2020 compliance initial decision, the administrative judge agreed, in part, finding the agency in noncompliance to the extent it had failed to properly restore the appellant.[4] CID. Specifically, she found that, although the agency initially

---

[3] The initial decision ordered the agency to retroactively restore the appellant effective August 13, 2018. ID at 9. However, in a January 13, 2020 erratum, the administrative judge corrected the effective date to August 13, 2019. IAF, Tab 41.

[4] The administrative judge found that the agency could not be found in noncompliance with its obligation to provide the appellant back pay and benefits because the appellant had refused to provide the paperwork required to process them, despite repeated requests that he do so. CID at 3-4. In addition, she found that the appellant's allegations that the agency placed him in a leave without pay (LWOP) status for

restored the appellant to the Tampa Processing and Distribution Center (PDC) and placed him in the unassigned regular position he previously held, performing the duties he performed prior to being placed in an enforced leave status, it reassigned him 2 months later to a Mail Processing Clerk bid position on a different tour of duty in a different location, Ybor City. CID at 4-8. She explained that, because the Board had found that the appellant was entitled to a reasonable accommodation and that his previously held position and assigned duties were a reasonable accommodation, the agency could not reassign him without appropriately considering his specific medical restrictions, as well as articulating a valid reason for reassigning him in the first place. CID at 6-7. She found that the agency failed to do so and, therefore, that the reassignment was not in accordance with agency's obligation to restore the appellant to the status quo ante. CID at 7-8. Accordingly, the administrative judge granted the appellant's petition for enforcement and ordered the agency to return him to his previous position at the Tampa PDC performing the manual mail duties he was previously performing. CID at 8. She noted that, if the agency had a valid reason (for example, lack of work) to reassign the appellant, it must not do so without taking into consideration the appellant's specific medical restrictions and the statutory requirements. *Id.*

¶4    The administrative judge informed the agency that, if it decided to take the actions ordered in the compliance initial decision, it must submit to the Clerk of the Board a narrative statement and evidence establishing compliance. CID at 8-9. In addition, she informed both parties that they could file a petition for review of the compliance initial decision if they disagreed with the findings therein. CID at 9-10. Neither party filed any submission with the Clerk of the Board within the time limit set forth in 5 C.F.R. § 1201.114. As such, pursuant to

---

32 hours and issued him a letter of warning for filing a grievance about the LWOP period were outside the scope of the Board's final decision in this matter. CID at 2-3.

[5 C.F.R. § 1201.183](b)-(c), the administrative judge's findings of noncompliance became final, and the appellant's petition for enforcement was referred to the Board for a final decision on issues of compliance. *Morrison v. U.S. Postal Service*, MSPB Docket No. AT-0752-19-0785-X-1, Compliance Referral File (CRF), Tab 1.

¶5        On September 8, 2020, the Board issued an acknowledgment order directing the agency to submit evidence showing that it had complied with all actions identified in the compliance initial decision. CRF, Tab 1 at 3. In a September 11, 2020 response, the agency stated that it had complied with the administrative judge's order by restoring the appellant to his previous position at the Tampa PDC, performing the duties in the manual letters section he had before he was placed on enforced leave, with the same tour of duty. CRF, Tab 2 at 4-5. The agency provided evidence supporting its assertion of compliance, including an August 4, 2020 letter directing the appellant to report for duty on August 8, 2020, at the Tampa PDC, manual letters section, and stating that his tour of duty would be from 5 p.m. to 1:50 a.m. with Wednesdays and Thursdays off. *Id.* at 6-27. In response, the appellant argued: the agency's Reasonable Accommodation Committee has failed to "acknowledge" his accommodation; the agency has not paid him the ordered compensatory damages; he is "apprehensive" about the agency's letter returning to him to duty given the agency's "boundless capacity for mendacity"; the agency has not expunged a disciplinary action from his personnel file pursuant to a settlement agreement; he is "still appearing on the Ybor City pay location (Pay Location 160)"; and the agency has issued him a demand letter for medical bills he "never incurred" in the amount of $178. CRF, Tabs 3-5. The agency replied, asserting, among other things, that the appellant's submission conceded that he had been restored to his former position and duties at the Tampa PDC and that his other arguments were outside the scope of the compliance proceeding. CRF, Tab 6.

¶6  When, as here, the Board finds a personnel action unwarranted, the aim is to place the appellant, as nearly as possible, in the situation he would have been in had the wrongful personnel action not occurred. *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011); *King v. Department of the Navy*, 100 M.S.P.R. 116, ¶ 12 (2005), *aff'd per curiam*, 167 F. App'x 191 (Fed. Cir. 2006). The agency bears the burden to prove compliance with the Board's order by a preponderance of the evidence.[5] *Vaughan*, 116 M.S.P.R. 319, ¶ 5; 5 C.F.R. § 1201.183(d). An agency's assertions of compliance must include a clear explanation of its compliance actions supported by documentary evidence. *Vaughan*, 116 M.S.P.R. 319, ¶ 5. The appellant may rebut the agency's evidence of compliance by making specific, nonconclusory, and supported assertions of continued noncompliance. *Id*.

¶7  As described above, the administrative judge found the agency in partial noncompliance with the Board's final order and ordered the agency to return the appellant to his previous position at the Tampa PDC performing the duties he was previously performing. CID at 4-8. The agency's evidence reflects that it has now done so. CRF, Tab 2. Although the appellant has responded in opposition to the agency's statement and evidence of compliance, his submissions do not pertain to the dispositive issue in this compliance proceeding—i.e., he does not dispute that the agency has restored him to his previous position and duties.[6] Accordingly, the appellant has not rebutted the agency's evidence of compliance.

---

[5] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

[6] To the extent the appellant believes that the agency is not in compliance with another aspect of the Board's final order in the underlying appeal or the damages proceeding *Morrison v. U.S. Postal Service*, MSPB Docket No. AT-0752-19-0785-P-1, he may file a new petition for enforcement.

¶8        In light of the foregoing, we find that the agency is now in compliance and dismiss the appellant's petition for enforcement.  This is the final decision of the Merit Systems Protection Board in this compliance proceeding.  Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

## NOTICE OF APPEAL RIGHTS[7]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* <u>42 U.S.C. § 2000e-5</u>(f) and <u>29 U.S.C. § 794a</u>.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. <u>5 U.S.C. § 7702</u>(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. <u>5 U.S.C. § 7702</u>(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                          /s/ for
                                   Jennifer Everling
                                   Acting Clerk of the Board

Washington, D.C.